POSTED ON WEBSITE

NOT FOR PUBLICATION

FILED

DEC 27 2006

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

In re

Aurelio Barajas and
Celia J. Ramirez Rodriguez

Debtors.

Case No. 06-10598-B-13

DC No. PBB-2

**MEMORANDUM DECISION REGARDING THE DEBTORS' MOTION FOR CONFIRMATION OF SECOND MODIFIED CHAPTER 13 PLAN AND CREDITOR'S OBJECTION TO CONFIRMATION**

This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of res judicata and claim preclusion.

Peter B. Bunting, Esq., appeared on behalf of the debtors, Aurelio Barajas and Celia J. Ramirez Rodriguez (the "Debtors").

M. Nelson Enmark, Esq., appeared in his capacity as the chapter 13 trustee (the "Trustee").

Ralph Friesen appeared pro se ("Mr. Friesen").

Before the court is the Debtors' Motion to Confirm their Second Modified Chapter 13 Plan (the "Second Modified Plan"). Mr. Friesen objected to confirmation on various grounds addressed herein. For the reasons set forth below, Mr. Friesen's objections will be overruled and the Debtors' motion will be granted.

The court has jurisdiction over this matter under 28 U.S.C. § 1334, 11 U.S.C. § 1325,[1] and General Orders 182 and 330 of the U.S. District Court for the Eastern

---

[1] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9036, as enacted and promulgated on or after October 17, 2005, the effective date of The Bankruptcy Abuse Prevention and Consumer Protection Act of

District of California. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(L). This memorandum decision contains findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052, made applicable to this contested matter by Federal Rule of Civil Procedure 52.

**Facts.**

In October 2004, Mr. Friesen was injured in an automobile accident involving co-debtor Celia Rodriguez. In February 2005, Mr. Friesen filed a civil lawsuit in Fresno County Superior Court against Ms. Rodriguez for personal injuries resulting from the accident (the "State Court Litigation"). Mr. Friesen prayed for damages in the amount of $500,000.

Debtors filed their petition for chapter 13 relief on May 8, 2006. The State Court Litigation was automatically stayed upon the filing of this bankruptcy petition. The section 341(a) meeting of creditors was concluded in June 2006. On June 8, 2006, Mr. Friesen filed a proof of claim in the bankruptcy case, alleging an unsecured nonpriority claim in the amount of $500,000 (the "Friesen Claim"). In their schedules, the Debtors listed Mr. Friesen as a creditor holding an unsecured nonpriority claim in the amount of $25,000 based on the State Court Litigation. The Debtors' Schedule F lists the claim as "unliquidated."

The Debtors filed their initial chapter 13 plan on May 8, 2006. In that plan, the Debtors proposed to pay $145 per month for 60 months, with a 12% dividend to unsecured creditors. That plan was withdrawn following the Debtors' 341(a) meeting and replaced by a first modified plan. The first modified plan contained the same terms in all respects, except that it proposed to pay a 0.5% dividend to unsecured creditors. Mr. Friesen objected to the first modified plan and it was withdrawn on September 20, 2006. Mr. Friesen also filed a motion to dismiss based on eligibility ans bad faith, a motion for relief from the automatic stay, and an objection to exemptions. Those matters were heard

---

2005, Pub. L. 109-8, Apr. 20, 2005, 119 Stat. 23.

by this court at different times and resolved in favor of the Debtors in a Memorandum Decision filed herein on November 8, 2006 (the "Prior Ruling"). [2]

On September 20, 2006, the Debtors filed this motion for confirmation of their Second Modified Plan as well as second amended Schedules I and J. The Second Modified Plan proposes that the Debtors pay $145 per month for the first two months, then $545 per month for the remaining 58 months of a 60-month plan. Based on their amended Schedule J, the Debtors' monthly net income is approximately $545. The Second Modified Plan proposes to pay a 5% dividend to unsecured creditors. The Trustee filed a declaration in support of the Second Modified Plan (the "Trustee's Declaration").

Mr. Friesen again objected to the Second Modified Plan. Many of the arguments raised by Mr. Friesen were addressed in his previous objections and have been resolved in the Prior Ruling. The court, therefore, will not revisit those issues. This decision is intended to address only the new arguments raised in Mr. Friesen's objection to confirmation.

**Analysis.**

Mr. Friesen first argues that this court does not have "core proceeding" jurisdiction over the Friesen Claim because it is based on personal injury and damages alleged in the State Court Litigation. Mr. Friesen relies on 28 U.S.C. § 157(b)(2)(B), which states:

> (2) Core proceedings include, but are not limited to–
> . . .
> (B) allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of

---

[2] On December 20, 2006, Mr. Friesen filed a copy of a purported "default judgement" entered against the Debtors in the State Court Litigation on August 1, 2006, in the amount of $327,651.61. Based thereon, Mr. Friesen again argues that the Debtors are not eligible for chapter 13 relief under §109(e). The court has not considered this new pleading because (1) it was not timely filed in support of Mr. Friesen's objections, (2) it was not served on the Debtors or their counsel, and (3) it appears to have been entered in violation of the automatic stay.

confirming a plan under chapter 11, 12, or 13 of title 11 *but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11*; (emphasis added.)

Mr. Friesen's argument misstates the applicable law. While it is true that the *liquidation* of a personal injury claim is not a core proceeding under 28 U.S.C. § 157(b)(2)(B), confirmation of the Second Modified Plan does not involve liquidation of the Friesen Claim. The Debtors have elected not to object to the Friesen Claim and it will be allowed as filed. (§ 502(a).)[3] The court has not been asked to liquidate the Friesen Claim. Mr. Friesen's objection based on jurisdiction is therefore overruled.

Mr. Friesen next argues that the Debtors did not date their declaration in support of the Second Modified Plan. The fact that the Debtors may not have actually dated the document is nonfatal and can easily be corrected if the court were to so order. The court can accept the date of filing as the effective date of the declaration. Mr. Friesen's argument on this point, as a grounds for denial of confirmation and dismissal of the case, is without merit.

Mr. Friesen argues that the Debtors committed mathematical errors in the calculation of their income. He disputes the Debtors' amended Schedules I and J. He contends that "the Debtors have manipulated their income to be low, and have artificially increased their expenses in an effort to mislead the bankruptcy court." The court notes first that the debtors are entitled to amend their schedules at any time before the case is closed. Fed.R.Bankr.P. 1009(a). Mr. Friesen has offered no evidence to support his objection, and to rebut the veracity of the Debtors' amended schedules. As stated above, the Second Modified Plan provides essentially for a 60-month distribution of the Debtors' monthly net income as reflected in their latest amended schedules. The Debtors appear to be committing virtually all of their disposable income toward payment of the Second Modified Plan. The Trustee has investigated the factors for confirmation of the Second

---

[3] See the Prior Ruling regarding Mr. Friesen's motion for relief from the automatic stay.

4

Modified Plan and has no opposition to its confirmation. The Trustee's Declaration states: "[I]t is the Trustee's conclusion that there is a complete utilization of projected disposable income for the required minimum payment into the Plan." Therefore, Mr. Friesen's argument on this point will be overruled.

**Conclusion.**

Based on the foregoing, Mr. Friesen's objection to the Second Modified Plan will be overruled. The Debtors' motion to confirm their Second Modified Plan will be granted. Debtors shall submit an appropriate order in compliance with General Order 05-03, as amended by General Order 06-01.

Dated: December 27, 2006

W. Richard Lee
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

CERTIFICATE OF MAILING

    The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that a copy of the document to which this certificate is attached was mailed today to the following entities listed at the address shown on the attached list or shown below.

SEE ATTACHED LIST

DATED: 12/27/06          By: *William Minter*
                                    Deputy Clerk

EDC 3-070 (New 4/21/00)

| | | |
|---|---|---|
| Peter Bunting<br>2501 W Shaw Ave #119<br>Fresno, CA 93711 | Ralph Friesen<br>2726 E Washington Ave<br>Fresno, CA 93701-2443 | Aurelio Barajas<br>4048 E Butler Ave<br>Fresno, CA 93702 |
| Celia Rodriguez<br>4048 E Butler Ave<br>Fresno, CA 93702 | M. Enmark<br>3447 W Shaw Ave<br>Fresno, CA 93711 | Office of the U.S. Trustee<br>2500 Tulare Street, Room 1401<br>Fresno, CA 93721 |